### Western Manufacturers' Mutual Ins. Co., for use, etc., v. The Rowell Elevator Co.

1.  INSURANCE—*Form of a Declaration in an Action to Recover an Assessment by a Mutual Insurance Company.*—The court states the form of the declaration at length and holds it sufficient to disclose a good cause of action, following Ross v. Knapp, Stout & Company, 77 Ill. App. 428.

**Assumpsit**, to collect an assessment by a mutual insurance company. Error to the Circuit Court of De Witt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded, with directions. Opinion filed February 28, 1901.

G. K. INGRAM and C. W. GREENFIELD, attorneys for plaintiff in error.

MOORE, WARNER & LEMON, attorneys for defendant in error.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit by plaintiff in error against defendant in error to recover an assessment made against the defendant by a decree of the Superior Court of

Cook County in a chancery case pending in that court in which the Western Manufacturers' Mutual Insurance Company was a party. The declaration contained a special count and certain of the common counts. To the special count, the defendant interposed a general demurrer which the court sustained. The plaintiff withdrew the common counts and stood by the declaration, and the court gave judgment against the plaintiff in bar of .the action. The plaintiff brings the case to this court by writ of error, and urges the judgment reversed and the case remanded on the grounds that the court improperly sustained the demurrer to the special count of the declaration.

That count is as follows :

" The Western Manufacturers' Mutual Insurance Company of Chicago, for the use of Charles F. Ross, its receiver, by Charles W. Greenfield, his attorney, complains of the Rowell Elevator Company, a corporation of the State of Illinois, defendant herein, of a plea of trespass on the case on promises.

For that whereas, heretofore, to wit, on the 30th day of March, A. D. 1869, under and by virtue of an act of the General Assembly of the State of Illinois entitled, ' An act to incorporate the Northwestern German Mutual Fire Insurance Company,' approved March 30, A. D. 1869, the incorporators therein named accepted the charter and franchise by said act granted and conferred, and duly organized and effected the incorporation of the said Northwestern German Mutual Fire Insurance Company, under and by the said name stated therein and in pursuance thereof, which thereupon became and thereafter continued to be a body corporate for the purpose named in the act, and thereafter transacted the business of insurance under the franchise aforesaid; that afterward the name of the said corporation was duly changed from the Northwestern German Mutual Fire Insurance Company to the Western Manufacturers' Mutual Insurance Company, in accordance with and under the provisions of the laws of the State of Illinois, and that since such change of name the said corporation has conducted and carried on the business of fire insurance in the said name of the Western Manufacturers' Mutual Insurance Company under the charter aforesaid and the laws of the State of Illinois, and in the exercise of the franchise aforesaid, and observed and complied with all the laws of the

18    APPELLATE COURTS OF ILLINOIS.

VOL. 94.] Western Mfrs.' Mutual Ins. Co. v. Rowell Elevator Co.

State of Illinois incumbent on it to observe and comply with.

That it is provided and declared in section 2 of the act of incorporation aforesaid:

'All persons who shall at any time be insured in this company shall be members thereof during the continuance in fact of their respective policies, and no longer, and shall at all times be bound by the provisions of this act and the by-laws and regulations of said company.'

It is also provided and declared in section 6 of the act of incorporation aforesaid:

'The directors of said company may levy an assessment upon the premium note of policy holders at any time they may deem it necessary for the payment of losses and expenses that may arise.'

It is also provided and declared in section 7 of the act of incorporation aforesaid:

'The members of this company shall be and are bound to pay their share in proportion, according to their amount of insurance, for all losses and expenses happening and accruing during the term for which their policies were issued, to the amount of their premium notes.'

That heretofore, to wit, on the 20th day of January, A. D. 1895, to wit, at the city of Chicago, county of Cook and State aforesaid, The Rowell Elevator Company, the defendant herein, made application to the said insurance company for a policy of insurance on certain property described in the policy of insurance hereinafter mentioned, and that said insurance company then and there accepted said application, and on, to wit, the day and year last aforesaid, at, to wit, the city and county aforesaid, executed to the said defendant its certain policy or contract of insurance, numbered 8212, and dated the 20th day of January, A. D. 1895, wherein and whereby, for and in consideration of the stipulations in said policy or contract of insurance contained, to be observed and performed, and of $75 premium, paid by the said defendant, the said insurance company did then and there and thereby insure the said defendant from the 20th day of January A. D. 1895, at noon, to the 20th day of January, A. D. 1896, at noon, against all direct loss of damages by fire, except as therein provided, to an amount not exceeding $3,000, to the property described in said policy or contract of insurance, which was then and there accepted by the said defendant, and thereby then and there the said defendant became a member of said insurance company, and bound by the terms, conditions and requirements, and obligations therein expressed and thereby imposed.

That said policy or contract of insurance contains the following stipulation, provision and agreement, to wit:

' The insured, heretofore named, by accepting this policy thereby becomes a member of this company, and agrees to pay it, in addition to the premium, such sum or sums, in no event to exceed in the aggregate three times the amount of said premium, at such time or times, in such manner and by such installments, as the directors of this company shall assess and order pursuant to its charter and by-laws, and the laws of the State of Illinois.'

And contains the further provision:

' The by-laws of this company hereto annexed are hereby declared to be and form a part of this policy, and are to be resorted to in order to determine the rights and obligations of the several parties hereto.'

Said policy or contract of insurance contains also the following provision, condition and agreement, which constitutes a part thereof, and is one of the considerations therefor:

' This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions, no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.'

Article IX of the by-laws annexed to said policy or contract of insurance, and which are therein expressly declared to be and form a part thereof as hereinbefore shown and alleged, provides: ' Article IX.   Liability of Members.— No member of this company shall be liable for losses or expenses for any indebtedness of the company, except to the amount of cash premiums paid, or to the extent of the liability assumed and expressed in the contract of insurance; but in no event shall such liability exceed in the aggregate five times the amount of the cash premium paid.'

Article X of the said by-laws provides:

' Whenever the cash funds of the company shall be insufficient for the payment of incurred losses and expenses and

20 APPELLATE COURTS OF ILLINOIS.

VOL. 94.] Western Mfrs.' Mutual Ins. Co. v. Rowell Elevator Co.

the maintenance of its insurance reserve, it shall be deemed to have impaired its capital, and when such impairment shall exceed twenty-five per cent of its re-insurance reserve, it shall be the duty of the board of directors to collect an assessment for the amount needed to pay such losses and expenses and make good its re-insurance reserve, from its members liable to assessment therefor, in proportion to their several liabilities. Notice of assessments shall be given personally to the parties liable, or by mailing, postpaid, to them, printed or written notices requiring the payment of such assessments, directed to their last post-office address known to the officers of this company.'

And plaintiff further avers that on, to wit, the 30th day of December, A. D. 1895, a suit in equity was duly instituted in the Superior Court of Cook County, in the State of Illinois, a court of original and competent jurisdiction of matters both in law and equity, by Myron H. Beach, complainant, as a judgment creditor of said defendant, for himself and all other creditors of the said insurance company, in which said suit jurisdiction was obtained of the said subject-matter and of the said Western Manufacturers' Mutual Insurance Company of Chicago, Illinois, by due process of law, and that in said suit so instituted as aforesaid, the said Charles F. Ross, was on, to wit, the 30th day of December, A. D. 1895, duly appointed receiver of and for the said Western Manufacturers' Mutual Insurance Company of Chicago, Illinois, by order of the said court, and on, to wit, the 31st day of December, A. D. 1895, at, to wit, the county and the State aforesaid, the said Charles F. Ross duly qualified as such receiver; that afterward on, to wit, the 29th day of January, A. D. 1896, such proceedings were had that on the day and year last aforesaid, the said Western Manufacturers' Mutual Insurance Company of Chicago, Illinois, appeared by counsel and filed its answer in said suit so instituted as aforesaid; that after the appointment and qualification of the said Charles F. Ross as receiver as aforesaid, on, to wit, the 8th day of January, 1896, the plaintiff filed an inventory in said suit, duly verified by him, of the assets and liabilities of the said insurance company, and on, to wit, the 30th day of January, 1896, plaintiff filed a petition in said suit duly verified by him, and therein set forth the indebtedness of said insurance company for losses and expenses, and also the indebtedness and liabilities other than for losses and expenses, the amount of assets of the said insurance company, exclusive of the membership liability aforesaid, and showed and

alleged that the said assets available were not sufficient to pay the indebtedness due the creditors of the said company for losses and expenses, and that it would be necessary to make an assessment against the members upon their liability under their respective policies for the purpose of paying such indebtedness for losses and expenses.

And thereupon, to wit, on the day and year last aforesaid, at, to wit, the county and in the State aforesaid, such further proceedings were had in said cause last mentioned, that the said Western Manufacturers' Mutual Insurance Company of Chicago, Illinois, duly appeared by counsel in said suit, and a hearing was had upon the bill, the answer of the defendant company thereto, and upon the petition aforesaid of the said receiver; and the said court, being fully advised in the premises, by its order then and there duly made and entered, referred said cause to George Bass, Esq., Special Master in Chancery, to take proof as to the debts and assets of the said insurance company, and report his findings and conclusions thereon to the said court, and to take testimony to ascertain, and report to the court the amount of the indebtedness of the said insurance company for losses and expenses and otherwise, the amount of the assets thereof, the amount of the contingent or membership liability, and the amount, if any, necessary to be assessed upon the liability of the members for the purpose of paying the said indebtedness for losses and expenses, and to report his findings and conclusions to the said court; that the said special master then and there proceeded to take proof for the purpose aforesaid, and afterward, on, to wit, the 17th day of March, A. D. 1896, reported to the court the amount of the indebtedness of the said company for losses and expenses at the time of the appointment of the plaintiff as receiver as aforesaid; the amount and character of the assets of the said insurance company, including the membership liability aforesaid; and that the amount necessary to be assessed upon said membership liability was, to wit, the sum of $72,000.

And that afterward, on, to wit, the 17th day of March, A. D. 1896, at, to wit, the county and in the State aforesaid, such further proceedings were had upon the said report and findings of the said master and the evidence taken by and before him, and his report and conclusions thereon, that the said insurance company appeared by counsel, and, upon hearing, the court being fully advised in the premises, the same were then and there fully considered, sustained and confirmed by the said court, and an order was then and

22    Appellate Courts of Illinois.

Vol. 94.] Western Mfrs.' Mutual Ins. Co. v. Rowell Elevator Co.

there made and entered in the said court in words and figures as follows, to wit:

' It is therefore ordered that the report of the special master be and the same is hereby approved.

And the court further orders, authorizes, instructs and directs the said Charles F. Ross, receiver of the said defendant, to make an assignment against the members of the said Western Manufacturers' Mutual Insurance Company, defendant, upon their liability as such members under the provision of the mutual policies issued to them respectively to the amount of seventy-two thousand ($72,000) dollars, or as near that sum as it is practicable equitably to make the same, for the purpose of paying such losses and expenses, and the expenses of administration of the estate of the defendant by the receiver, making such assessment in proportion to the amount which the contingent liability of each bears to the amount of losses and expenses remaining unpaid, constituting the indebtedness of the defendant above stated to be paid by assessment, which occurred and were incurred during the period that the policies were respectively in force, making the assessments by rests at or near each substantial loss, and report his action to the court as soon as he had made such assessment for its further consideration and action.'

And afterward, on, to wit, the 30th day of March, A. D. 1896, at, to wit, the county and in the State aforesaid, in compliance with and obedience to said order so made and entered as aforesaid, said receiver made an assessment upon the liability of the members of the said company, and afterward, on, to wit, the day and year last aforesaid, at, to wit, the county and in the State aforesaid, submitted to the said court his report of, and the said assessment so made by him as aforesaid, in compliance with the order aforesaid of the said court, and then and there prayed that the same might be by decree approved and confirmed; and that afterward, on, to wit, the 30th day of March, A. D. 1896, at, to wit, the county and in the State aforesaid, such further proceedings were had upon the report of the said receiver that the said company appeared by counsel before the said court, and the court then and there made a decree in words and figures as follows, to wit:

' Now on this 30th day of March, A. D. 1896, this cause coming on to be heard upon the report of Charles F. Ross, receiver of the Western Manufacturers' Mutual Insurance Company, defendant in the above entitled suit, under the decretal order of this court made on the 17th day of March,

1896, "authorizing, instructing and directing him as receiver of the Western Manufacturers' Mutual Insurance Company to make an assessment against the members of said company upon their liability as such members under the provisions of the mutual policies issued to and held by them respectively to the amount of $72,000, or as near that sum as it was practicable to equitably make the same, for the purpose of paying losses and expenses constituting the indebtedness of the company, and the expenses of the administration of the estate of the said defendant insurance company by the receiver, making such assessment in proportion to the amount which the contingent liability of each bears to the amount of losses and expenses remaining unpaid which occurred and were incurred during the period that the policies were respectively in force," and the said complainant appearing *pro se*, and the said Western Manufacturers' Mutual Insurance Company appearing by George R. Brown, its solicitor, the said Charles F. Ross, receiver as aforesaid, under and by virtue of the authority vested in him as such receiver, and in compliance with and obedience to the decretal order aforesaid, now comes and makes his report of his assessment under the order aforesaid, and now presents his said assessment to the court for confirmation and further order therein; and having produced due proof in support of the correctness and equitable character of his said assessment in compliance with and obedience to the order aforesaid, and of the facts hereinafter found, and the court having examined said report and assessment, and being fully advised upon all the records and files in this suit and the proofs produced in court, makes the following findings of the matter in fact :

First.    That the membership liability under the mutual policies issued by the said Western Manufacturers' Mutual Insurance Company, defendant herein, which have been and are now held by members thereof, amounts to $86,666.84.

Second.    That the said liabilities constitute the sole assets of said Western Manufacturers' Mutual Insurance Company, defendant herein, that can be subjected to and made available for the purpose of paying the losses and expenses of said defendant insurance company and the expenses of the administration of the estate by the receiver.

Third.    That the assessment made by said receiver as shown in his report and the schedule attached thereto, forming and being a part thereof, is in compliance with and in obedience to the decretal order aforesaid; and the same is justly, fairly, and equitably made upon the respective

24    APPELLATE COURTS OF ILLINOIS.

VOL. 94.] Western Mfrs.' Mutual Ins. Co. v. Rowell Elevator Co.

liabilities of the members of said defendant insurance company under the policies that were issued to and that have been and are now held by said members, as shown in the schedule attached to and forming a part of the report of the receiver as aforesaid; and the making of said assessments, and giving the number of the policy, the name of the member, and the amount of the assessment on such policy against such member, is fair, equitable, just and correct, and in compliance with and obedience to the order aforesaid.

And it is therefore by the court ordered, adjudged, and decreed that said report of Charles F. Ross, receiver of the said Western Manufacturers' Mutual Insurance Company, making such assessment under the decretal order of the court aforesaid, and in compliance therewith and obedience thereto, be, and the same is hereby confirmed, ratified and approved, and the same is hereby incorporated in and made a part of this decree, as follows:

No. of policy, 8312.   Name of member, Rowell Elevator Company.   Amount of assessment, $225.

And it is further by the court ordered, adjudged, and decreed that the said Charles F. Ross, receiver of the said Western Manufacturers' Mutual Insurance Company, do, and he is hereby ordered and commanded to notify the members of said company named in the schedule attached to this report, and above incorporated herein, and made a part hereof, and each of them, of such assessment, and the amount thereof, and make demand therefor, and to proceed to the collection of the amount assessed against each of the members of said company named in said schedule for their just proportion as aforesaid, and the amount of the assessment as shown therein, with all possible dispatch; and if any member or members of said insurance company shall fail or refuse to pay the amount of his, her, or their assessment for thirty days after making such notice and demand, the said receiver shall thereupon proceed to collect from such member or members the whole amount of his, her, or their membership liability under the policy issued to them respectively, and he is hereby authorized and directed to resort to such legal measures and proceedings as shall be necessary for that purpose.'

And the plaintiff further avers that the said schedule showing the assessment, and embraced in the decree aforesaid, then and there fixed and determined the amount of the assessment to be made upon the liability of the members respectively of the said insurance company, and thereupon

then and there fixed and determined the amount of the assessment to be made upon the liability of the said defendant in the manner as aforesaid, at the sum of, to wit, $225, on, to wit, the 30th day of March, A. D. 1896, at, to wit, the county and in the State aforesaid; and the plaintiff further avers that after said assessment was made in the manner and approved and confirmed in and by the decree as aforesaid, notice of the amount assessed against the defendant as a member of the said insurance company was then and there mailed to it, and demand of payment thereupon then and there made from the defendant; and although the said thirty days have long since elapsed and expired since the mailing of said notice and demand as aforesaid, still the defendant has failed and refused, and still does refuse to pay the said assessment, or any part thereof, and therefore the said defendant has become liable to pay to the plaintiff the whole amount of its liability as a member of the said Western Manufacturers' Mutual Insurance Company, of Chicago, Illinois, to wit, the sum of two hundred and twenty-five and no hundredths dollars, at, to wit, the county aforesaid:

And being so liable, the defendant then and there undertook and faithfully promised the plaintiff, for the use aforesaid, well and truly to pay unto the plaintiff for the use aforesaid, the said sum of $225, on request. Nevertheless, the defendant, though often requested so to do, has not as yet paid the same, or any part thereof, but refused so to do, to the damage of the plaintiff for the use aforesaid of $500. Therefore the plaintiff brings its suit, etc.

By C. W. Greenfield, its attorney."

This declaration is like the one which was held to disclose a good cause of action by the Appellate Court of the Fourth District in Ross v. Knapp, Stout and Company, 77 Ill. App. 428, and like the one also held good by the Appellate Court of the Second District in Western Manufacturers' Mutual Insurance Co. v. The Hutchinson Cooperage Co., in which the opinion of the court is filed but is not yet reported; and after a careful consideration of the declaration in this case, and an examination of the opinions of the courts in the two cases referred to, we are satisfied that for the reasons expressed in the two opinions, the Circuit Court of DeWitt County erroneously sustained the demurrer to the declaration in this case, and therefore we reverse the

judgment it entered therein, and will remand the case to that court with directions to overrule the demurrer to the declaration, and for such other and further proceedings therein as to law and justice appertain. Reversed and remanded with directions.